**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**VINOD PATEL D/B/A**
**SCOTTISH INN & SUITES,**

**PLAINTIFF,**

  **vs.**                               **CIVIL ACTION NO.**
                                        **JUDGE**_____

**WESTCHESTER SURPLUS LINES**
**INSURANCE COMPANY**

**DEFENDANT.**

<u>**PLAINTIFF'S ORIGINAL COMPLAINT**</u>
<u>**JURY TRIAL DEMANDED**</u>

     **COME NOW, VINOD PATEL D/B/A SCOTTISH INN & SUITES**
(hereinafter, referred to as Plaintiff), and files this, his **Original Complaint**, and for
causes of action against WESTCHESTER SURPLUS LINES INSURANCE COMPANY
("WESTCHESTER") (hereinafter, referred to as "Defendant") would show unto the
Court and the jury the following:

<u>**PARTIES AND SERVICE OF PROCESS**</u>

     1.     Plaintiff **VINOD PATEL** owns the property located at 11130 Telephone
Road, Houston, Texas 77075 that is the subject of this lawsuit and is situated in Harris
County, Texas.

     2.     Defendant, WESTCHESTER is a foreign insurance company registered to
engage in the business of insurance in the State of Texas.  Westchester Surplus Lines
Insurance Company is domiciled in the State of Georgia. This Defendant may be served
with personal service by a process server, by serving its Attorney for Service, Mr. Paul

Bech, Esq., Associate General Counsel, Chubb, 436 Walnut Street, Philadelphia, Pennsylvania 19106-3703.

## STATUTORY AUTHORITY

3.     This suit also brought in part, under the Texas Insurance Code, Sections 541.051 *et seq.,* 541.151 *et seq*., 542.051 *et se.,* and Tex. Civ. & Rem. Code Section 38.01 *et seq.*

## JURISDICTION

4.     This Honorable Court maintains subject matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, based on complete diversity of citizenship between the parties. The amount in controversy exceeds the minimum jurisdictional limits.

## VENUE

5.     This Honorable Court maintains venue under 28 U.S.C. § 1391(b)(2), being the judicial district of the location of the properties that is the subject of this action.

## NOTICE AND CONDITIONS PRECEDENT

6.     Defendant has been provided written notice of the claims made by Plaintiff in this complaint, including a statement of Plaintiff's actual damages and expenses in the manner and form required by Tex. Ins. Code § 542A.003.

7.     All conditions precedent necessary to maintain this action and in order to maintain claim under the insurance policy in question have been performed, occurred, or have been waived by Defendant.

## FACTS

8.     This lawsuit arises out of the following transactions, acts, omissions, and/or events.  Hurricane Harvey struck South Texas on August 25, 2017 over several days and caused catastrophic damage throughout the region.  On or about August 25,

2017, Plaintiff's properties sustained damages as a result of Hurricane Harvey winds over multiple consecutive days.

9.      Plaintiff submitted a claim to Defendant, WESTCHESTER, pursuant to the contract of insurance, for damages to the properties as a result of Hurricane Harvey and asked Defendant WESTCHESTER to honor its contractual obligations and cover the cost of repairs to the properties.

10.     Defendant, WESTCHESTER, accepted the Plaintiff's claim and assigned a claim number of KY17K2451086.

11.     Defendant, WESTCHESTER assigned Jennifer Dixon, to investigate and evaluate the claim, assess the damages to the properties, and communicate with the Plaintiff as to coverage under the policy.

12.     Dixon on behalf of Defendant, WESTCHESTER assigned a third-party claims administrator, Chubb North American Claims, to inspect, investigate and evaluate the claim and assess the damages to the properties.

13.     Plaintiff then hired Stevephen Lott of Integrity Claims Services, LLC to inspect the properties for damages from Hurricane Harvey, properly investigate and evaluate the claim and communicate with Defendant and its representatives regarding the claim.

14.     Chubb North American Claims and/or Johnny Dixon, on behalf of Defendant WESTCHESTER assigned independent adjuster Tony J. Donelski of Vericlaim, Inc. to inspect, investigate and evaluate the claim, assess the damages to the properties.

15.     Tony Dolenski performed an inspection of the subject insured properties and found that the exterior of the buildings did not suffer any physical damages and the interior of the buildings weren't damaged by wind-driven rain.

16.     Chubb North American Claims and WESTCHESTER then assigned HAAG Engineering ("HAAG") to inspect the property.  On or about January 31, 2018, a representative of HAAG inspected Plaintiff's properties to determine the extent of wind and water intrusion damage to the roof and second story rooms.

17.     According to HAAG's engineering report dated February 16, 2018, Hurricane Harvey had not damaged the properties.  HAAG also determined that lifted and creased shingles were the result of manual manipulation rather than high winds. HAAG and Mr. Dolenski ignored facts presented by Mr. Lott that supported coverage of your insured's claim.

18.     On or about March 6, 2018, Jennifer Dixon sent a letter to Plaintiff denying Plaintiff's storm damages based on the unreasonable and results oriented inspection and investigations of Mr. Dolenski and HAAG.

19.     Even though the properties had sustained extensive damages from the storm, Dolenski and HAAG ignored wind created damages to the properties.  Dolenski and HAAG completed a results oriented, unreasonable inspection, failed to document all the covered wind damages to the properties, ignored facts supporting coverage and improperly denied Plaintiff's damages.

20.     Plaintiff did not agree with Mr. Dolenski's or HAAG's assessment of the damages to its properties.

21.     Stevephen Lott determined that Plaintiff's properties damages were grossly misrepresented by Mr. Dolenski, HAAG and WESTCHESTER.  After inspecting

the properties, Mr. Lott determined that there was wind damage to the roof and water damage that entered through wind created openings.

22.     Plaintiff contacted WESTCHESTER to discuss their disagreement with the coverage determination made by Dolenski and HAAG, but WESTCHESTER continued to deny the claim.

23.     Plaintiff then retained Richard Clarke of Risk Protection Services to inspect the properties and assist in determining the extent of damage to the properties. Mr. Clarke inspected the properties and provided replacement cost estimates of damages based his inspection of the properties in the amounts of $155,831.37.

24.     Defendant, WESTCHESTER relied upon Mr. Dolenski's and HAAG's inaccurate and unreasonable report to deny the Plaintiff's damages.   Furthermore, Defendant, WESTCHESTER failed to accept or deny coverage for the remaining damages in writing within the statutory deadline.

25.     Based on the improper, inadequate, and incomplete investigation of WESTCHESTER, and its representatives, the Plaintiff's damages were denied.

26.     Defendant, WESTCHESTER ignored the information provided by the Plaintiff and its public adjuster.  Instead, Defendant, WESTCHESTER chose simply to only rely on the portions of its adjuster's, consultant's, and vendors' reports which supported the results-oriented investigation and coverage decisions supporting denial of Plaintiff's claim.

27.     Defendant, WESTCHESTER failed to perform its contractual obligation to compensate Plaintiff under the terms of the Policy.

## CAUSES OF ACTION AGAINST DEFENDANT, WESTCHESTER - COUNT I - BREACH OF CONTRACT

28.     Each of the foregoing paragraphs is incorporated by reference in the following.

29.     Plaintiff and Defendant WESTCHESTER executed a valid and enforceable written insurance contract providing insurance coverage to the insured location at.  The policy provides coverage for the peril of wind, hurricane and rain, such as those sustained during Hurricane Harvey, among other perils.

30.     All damages and loss to the Plaintiff's properties were caused by the direct result of a peril for which Defendant WESTCHESTER insured the Plaintiff, pursuant to the policy herein, specifically, the perils of hurricane, wind, and rain.

31.     Defendant, WESTCHESTER sold the subject insurance policy to Plaintiff insuring the subject insured properties in its "as is" condition.

32.     Plaintiff suffered a significant loss with respect to the properties at issue and additional expenses as a result of the high winds and rain that occurred during Hurricane Harvey.

33.     Plaintiff submitted a claim to Defendant, WESTCHESTER pursuant to the contract of insurance for damages as a result of high winds and rain that occurred during Hurricane Harvey.

34.     Plaintiff provided Defendant, WESTCHESTER, with proper notice of damage to the exterior and interior of the subject insured properties.

35.     Defendant, WESTCHESTER ignored the information provided by the public adjuster and other information provided by Plaintiff that supported coverage of Plaintiff's damage and chose to rely solely on its own consultants.

36.     WESTCHESTER by and through its adjusters and representatives have failed to properly evaluate the damages resulting from the covered cause of loss.

37.     WESTCHESTER by and through its adjusters and representatives failed to retain the appropriate experts and/or consultants to evaluate the hurricane winds and water damages to the subject properties.

38.     As of this date, WESTCHESTER by and through its adjusters and representatives have failed to pay for the hurricane winds and water damages to Plaintiff's properties.

39.     Plaintiff has attempted on numerous occasions to obtain full and complete payment for covered losses pursuant to the insurance policy.

40.     Defendant, WESTCHESTER, acting through its agents, servants, representatives and employees has failed to properly investigate, evaluate and adjust Plaintiff's claim for benefits in good faith and has further failed to deal fairly with Plaintiff.

41.     Defendant, WESTCHESTER has failed and refused to evaluate the information and surrounding facts regarding Plaintiff's covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants.

42.     As of this date Defendant, WESTCHESTER continues to be in breach of the contract.

43.     WESTCHESTER ignored the information provided by Plaintiff and its public adjuster during the handling of the claim and did not make any payment to indemnify Plaintiff for the full amount of the covered damages.

44.     WESTCHESTER failed to make any payment after receipt of the additional information from Plaintiff and its public adjuster.

45.     The mishandling of Plaintiff's claim caused a delay in Plaintiff's ability to fully repair the Properties, resulting in additional damages.

## COUNT II - VIOLATIONS OF THE TEXAS UNFAIR OR DECEPTIVE PRACTICES ACT

46.     Each of the foregoing paragraphs is incorporated by reference in the following.

47.     Defendant WESTCHESTER is an entity that is required to comply with Tex. Ins. Code Sections 541.051; 541.060; 541.061; and 541.151. Defendant's conduct constitutes multiple violations of the Texas Unfair or Deceptive Practices Act.

1.     Misrepresenting a material fact or policy provision relating to coverage at issue;

    a.  Making an untrue statement of material fact. WESTCHESTER through its agents, employees, or consultants prepared an estimate of damages that was misleading as to the value of damages to the subject properties stating that the exterior of the building did not suffer any physical damages and the interior of the building was damaged by wind-driven rain and denied Plaintiff's claim.

    b.  Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made.  WESTCHESTER through its agents, employees, or consultants failed to advise Plaintiff that it failed to

8

perform proper testing of the buildings and properties in order to more accurately investigate and evaluate the damages resulting from the covered perils of hurricane, wind and rain.

c. Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact. WESTCHESTER through its agents, employees, or consultants advised Plaintiff and its public adjuster that it had investigated and evaluated the damages to the subject properties resulting from the August 25, 2017 hurricane and concluded its coverage determination, thereby misleading the Plaintiff to conclude that a proper and complete investigation had been performed.

2.   Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear.   WESTCHESTER failed to consider reports provided by Plaintiff and failed to utilize information in the reports that would support coverage of Plaintiff's damages.

3.   Failing to promptly provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim. To date, Defendant has failed to provide a reasonable explanation of the basis of its denial of coverage for all of Plaintiff's damages.

4.   Refusing to pay a claim without conducting a reasonable investigation with respect to the claim. WESTCHESTER through its agents, employees,

or consultants failed to request its employees, agents, or consultants to perform proper testing of the buildings at the subject insured properties in order to properly evaluate the extent and value of damages resulting from the Hurricane Harvey event of August 25, 2017.

48.     Defendant's unfair settlement practice in failing to conduct a proper and thorough evaluation, failing to perform adequate testing of the buildings to more accurately investigate and evaluate the damages, failing to advise Plaintiff that it had not performed proper testing of the buildings and had not properly investigated and evaluated the damages, and preparing both a misleading and inaccurate damage estimate resulted in Defendant's failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code Sections 541.051, 541.060 and 541.061.

## COUNT III – VIOLATIONS OF THE PROMPT PAYMENT OF CLAIMS ACT

49.     Each of the foregoing paragraphs is incorporated by reference here fully.

50.     Defendant's conduct constitutes multiple violations of the Texas Prompt Payment of Claims Act - Tex. Ins. Code Chapter 542.  All violations made under this article are made actionable by Tex. Ins. Code Section 542.060.

51.     Specifically, Defendant failed to accept or reject Plaintiff's claim within the time period or notify the Plaintiff why it needed more time, as required by Tex. Ins. Code 542.056.

52.     Defendant failed to timely conduct a proper investigation of the damages to the subject properties resulting from a covered peril. resulting in a delay of payment of adequate insurance benefits as contracted under the insurance policy between the parties.

53.      Defendant's failure to give adequate consideration to the information provided by Plaintiff's public adjuster, which made liability reasonably clear, resulted in additional delay of payment of the claim after having sufficient information to make payment for such claim.

54.     WESTCHESTER ignored the information provided by Plaintiff and Plaintiff's public adjuster during the handling of the claim and did not make a payment.

55.     WESTCHESTER, upon receipt of the Richard Clarke estimate from Plaintiff, had sufficient information to make full payment to Plaintiff for the damages, but as of this date has failed to do so.

## COUNT IV - BREACH OF COMMON LAW
## DUTY OF GOOD FAITH AND FAIR DEALING

56.     Each of the foregoing paragraphs is incorporated by reference here fully.

57.     Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to its insured pursuant to the insurance contract and in direct contradiction of the applicable industry standards of good faith and fair dealing.

58.     Defendant failed to conduct a proper and thorough evaluation, failing to perform adequate testing of the buildings to more accurately investigate and evaluate the damages, failing to advise Plaintiff that it had not performed proper testing of the buildings and had not properly investigated and evaluated the damages, and preparing both a misleading and inaccurate damage estimate.

59.     Defendant's failure, as described above, to adequately and reasonably investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

60.     WESTCHESTER ignored the information provided by Plaintiff's public adjuster during the handling of the claim and did not make any payment.

61.     WESTCHESTER failed to make any payment after receipt of the additional information from the public adjuster and Richard Clarke, when WESTCHESTER knew or should have known liability was reasonably clear.

## COUNT V – VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

62.     Each of the foregoing paragraphs is incorporated by reference here fully.

63.     At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendant, WESTCHESTER and the products and services form the basis of this action.

64.     Defendant WESTCHESTER has violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

> a. By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action prohibited by DTPA § 17.50(a)(1)(3) in that  Defendant WESTCHESTER took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and the value received, all in violation of Chapters 541 and 542 of the Texas Insurance Code;
>
> b. Generally engaging in unconscionable courses of action while handling the claim; and/or

c.   Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

## KNOWLEDGE AND INTENT

65.   Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

## DAMAGES AND PRAYER

66.   **WHEREFORE, PREMISES CONSIDERED**, Plaintiff herein, complains of Defendant WESTCHESTER's acts and omissions and pray that, Defendant be cited to appear and answer and that upon a final trial on the merits, Plaintiff recover from Defendant the following:

67.   Plaintiff would show that the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

68.   For breach of contract by Defendant, WESTCHESTER, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of the claims, together with attorney's fees, pursuant to Tex. Civ. & Rem. Code Sec. 38.001 *et seq*.

69.   For noncompliance with the Texas Unfair or Deceptive Practices Act by Defendant, WESTCHESTER, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff asks **for three (3) times** its actual damages, pursuant to Tex. Ins. Code Ann. Section 541.152 *et seq*.

70.     For noncompliance with the Texas Prompt Payment of Claims Act by Defendant, WESTCHESTER, Plaintiff is entitled to the amount of its claim, as well as ten (10) percent interest per annum post judgment interest, together with reasonable and necessary attorney's fees, as allowed by law, and for any other further relief, either at law or in equity, to which it may show itself to be justly entitled, pursuant to Tex. Ins. Code Sec. 542.058 *et seq*. and 542.060 *et seq*.

71.     For violations of the common law duty of good faith and fair dealing by Defendant, WESTCHESTER, Plaintiff is entitled to actual damages, direct and indirect consequential damages, mental anguish, and exemplary damages.

72.     For noncompliance with the Texas Deceptive Trade Practices Act ("DTPA") by Defendant, WESTCHESTER, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages and mental anguish damages, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff asks for **three (3) times** its damages, pursuant to the DTPA and Tex. Ins. Code Ann. Section 541.152 *et seq*.

## **JURY DEMAND**

73.     Plaintiff respectfully demands a **trial by jury**.

SIGNATURE BLOCK ON NEXT PAGE

14

Respectfully submitted,

**PANDIT LAW FIRM, L.L.C.**

BY: /s/ *Phillip N. Sanov*
**PHILLIP N. SANOV, 17635950**
**State of Texas Bar No.**
**Fed. Bar No. 1148342**
**CARLA R. DELPIT,**
**State of Texas Bar No. 24082183**
**Fed. Adm. No. 2248226**
**One Galleria Tower**
**2700 Post Oak Blvd., 21st Floor**
**Houston, Texas 77056**
**Telephone:    (832) 583-5663**
**Facsimile:     (504) 313-3820**
**Email: psanov@panditlaw.com**
           **cdelpit@panditlaw.com**

**ATTORNEYS FOR PLAINTIFF**
**VINOD PATEL D/B/A**
**SCOTTISH INN & SUITES**